IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:22-CV-270-FL

| | |
|---|---|
| AMBER TRAWICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| INVESTORS TITLE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

This matter is before the court on defendant's motion to dismiss for failure to state a claim. (DE 10). The motion has been briefed fully, and the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted in part and denied in part.

### STATEMENT OF THE CASE

Plaintiff commenced this action on July 13, 2022, and filed the operative amended complaint on August 3, 2022, alleging sex-based discrimination and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") against defendant, her former employer. Plaintiff seeks back wages and benefits, compensatory and punitive damages, interest, costs, and fees.

Defendant filed the instant motion to dismiss for failure to state a claim upon which relief may be granted September 30, 2022, plaintiff responded, and defendant replied.

**STATEMENT OF FACTS**

The relevant facts alleged in the complaint may be summarized as follows. Plaintiff, who is female, worked for defendant as an accounting specialist beginning in 2017. (See compl. ¶ 13-14). "In August 2019, shortly after plaintiff returned from maternity leave," defendant promoted a male employee instead of plaintiff. (Id. ¶ 17). Defendant's director of financial operations, Elizabeth McCravy ("McCravy") informed plaintiff she was not promoted "because she had recently given birth to a child." (Id. ¶ 18). "Shortly thereafter," plaintiff's request to work from home one to two days a week was denied because McCravy "did not believe [p]laintiff could work at home while with her child," (id. ¶ 20), notwithstanding the fact that two male employees with children at home, including the employee defendant had promoted, were allowed to work from home. (Id. at 21).

In an alleged "effort to create a pretext" for terminating plaintiff's employment, McCravy placed plaintiff on a performance improvement plan ("PIP") in September 2020. (Id. ¶ 23). "Defendant did not discipline . . . male employees" with similar performance issues. (Id. ¶ 24). "On October 8, 2020, [d]efendant terminated [p]laintiff's employment under pretext." (Id. ¶ 26).

Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") on December 9, 2020,[1] (see id. ¶ 9), and the EEOC issued plaintiff a right to sue letter on April 29, 2022. (See id. ¶ 11).

**COURT'S DISCUSSION**

A.  Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

---

[1] Where neither party has filed plaintiff's EEOC charge as an exhibit, the court relies only on the factual allegations alleged in the complaint.

2

Case 5:22-cv-00270-FL   Document 14   Filed 05/15/23   Page 2 of 9

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[2] "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, " [the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider " legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (quotations omitted).

B. Analysis

1. Time Bar

Defendant argues that claims arising from acts of discrimination before June 12, 2020, must be dismissed as time barred. The court agrees.

"An individual alleging discrimination in violation of Title VII must first file an administrative charge with the EEOC," Chacko v. Patuxent Institution, 429 F.3d 505, 508 (4th Cir. 2005) (citing 42 U.S.C § 2000e-5(e)), "within [180] days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). "When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court." McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994).

Plaintiff "filed a claim with the . . . EEOC" on December 9, 2020, (compl. ¶ 9), "thus, she [cannot] prevail on any claim under Title VII based upon misconduct alleged to have occurred before" June 12, 2020. Williams v. Giant Food, Inc., 370 F.3d 423, 428 (4th Cir. 2004). The complaint alleges that plaintiff was passed over for a promotion "[i]n August 2019," (compl. ¶ 17),

---

[2] Throughout this order, internal quotation marks and citations are omitted unless otherwise specified.

because she had recently given birth to a child, and that defendant denied a request to work from home that plaintiff made "shortly thereafter." (Compl. ¶ 19). Both these incidents occurred mor than 180 days before plaintiff filed a charge with the EEOC. Accordingly, plaintiff may not base her claims upon defendant's failure to promote her or its refusal to allow her to work from home.

Plaintiff alleges her EEOC "charge was filed within three hundred days after the alleged unlawful employment practices occurred," (compl. ¶ 10), however, this is not the relevant deadline. Title VII provides, as relevant here, a 300-day window only to complainants who have "initially instituted proceedings with a [s]tate or local agency with authority to grant or seek relief from such practice." 42 U.S.C § 2000e-5(e)(1). Plaintiff does not allege she initiated such proceedings before filing a charge with the EEOC.

Plaintiff argues that the limitations period should be tolled where the complaint alleges a "pattern and practice of discrimination." (DE 12 at 4). As an initial matter, the complaint does not contain the phrase "pattern and practice." In addition, the Supreme Court has held that where "discrete acts such as . . . failure to promote. . . are easy to identify . . ., each incident . . . constitutes a separate actionable unlawful employment practice." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115 (2002); see also Williams, 370 F.3d at 429 ("[F]ailure to promote is a discrete act of discrimination). Although the United States Court of Appeals for the Fourth Circuit has not decided in a reported opinion whether a denial of a request to work from home triggers the running of the limitations period, the court finds that in this instance, the denial was a "single occurrence" constituting a discrete act. National R.R. Passenger Corp., 536 U.S. at 115. Where plaintiff does not allege "repeated conduct," id. at 115, that may give rise to a hostile work environment claim, her claims arising from defendant's failure to promote her and to allow her to work from home are time barred.

4

Accordingly, defendant's motion is granted in that part seeking dismissal of plaintiff's claims arising from alleged arising from acts of discrimination before June 12, 2020.

2.  Sex Discrimination

Defendant argues plaintiff does not plausibly allege that defendant discharged or otherwise discriminated against plaintiff because of her sex. The court disagrees.

Under Title VII, it is "an unlawful employment practice for an employer to . . . discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000(e)(2)(a)(1). "An adverse employment action is a discriminatory act that adversely affects the terms, conditions, or benefits of the plaintiff's employment." Holland v. Washington Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007). For example, "[a]n employer violates Title VII when it intentionally fires an individual employee based in part on sex." Bostock v. Clayton County, Georgia, 140 S.Ct. 1731, 1741 (2020). Standing alone, however, "an employee's dissatisfaction with [an] aspect of work does not mean an employer has committed an actionable adverse action." James v. Booz-Allen Hamilton, Inc., 368 F.3d 371 (4th Cir. 2004).

According to the complaint, in September 2020, plaintiff's supervisor placed her "on an unwarranted performance improvement plan ('PIP') in an effort to create a pretext to terminate [p]laintiff's employment," (compl. ¶ 23), and on "October 8, 2020, [d]efendant terminated [p]laintiff's employment under pretext." (Compl. ¶ 25).[3] Defendant's actions followed McCravy's statements that plaintiff was not promoted "because she had recently given birth to a

---

[3]  The complaint also asserts that defendant "violated Title VII by constructively discharging . . . [p]laintiff." Constructive discharge is a legal argument rather than a factual allegation. See Perkins v. International Paper Co., 936 F.3d 196, 211-12 (4th Cir. 2019) (holding that a plaintiff asserting constructive discharge "must show that his working conditions became so intolerable that a reasonable person in the employee's position would have felt compelled to resign . . . , [and that he] actually resign[ed] because of those conditions.").

5

child," (compl. ¶ 18), and that "she did not believe [p]laintiff could work at home while with her child," notwithstanding that fathers on the team were permitted to work from home. (Compl. ¶ 20-21).[4] Plaintiff's "pretext allegations, which [are] accept[ed] as true at this stage and which support an inference of [sex] discrimination . . . nudge[] [her] claims across the line from conceivable to plausible." Holloway v. Maryland, 32 F.4th 293, 299 (4th Cir. 2022). Accordingly, plaintiff has stated a claim that her termination constituted sex discrimination under Title VII.

Defendant argues that the complaint does not establish a prima facie case of sex discrimination where it "fails to allege [plaintiff] was performing satisfactorily or that her job performance met [defendant's] legitimate expectations." (DE 11 at 8, DE 13 at 7). "An employment discrimination plaintiff need not plead a prima facie case of discrimination[, however,] . . . to withstand a motion to dismiss." Holloway, 32 F.4th at 298. Therefore, these allegations are not required at this stage.

Defendant also argues that the complaint fails to allege sufficient facts regarding the treatment of similarly situated male employees. First, the Fourth Circuit has held that "however helpful a showing of a . . . comparator may be to proving a discrimination claim, it is not a necessary element of such claim." Bryant, 333 F.3d at 546. In addition, the complaint states that a male employee was given a promotion which plaintiff was denied because she was a new mother, (see compl. ¶ 17), that two fathers employed by defendant were permitted to work from home, (see compl. ¶ 21), and that defendant "did not discipline" male employees with "similar or worse performance issues than [those] alleged of plaintiff." (Compl. ¶ 24). Defendant argues that plaintiff does not allege "whether the male colleagues were already on PIPs or whether the alleged male colleagues were also terminated," however, this argument ignores the statement in the

---

[4] The court's conclusion that certain of plaintiff's claims are time barred does not alter the factual nature of these statements, which must be "accepted as true" at this stage. Iqbal, 556 U.S. at 663.

6

Case 5:22-cv-00270-FL    Document 14    Filed 05/15/23    Page 6 of 9

complaint that defendant "did not discipline the male employees on [p]laintiff's team." (Compl. ¶ 24).

In sum, defendant's motion to dismiss is denied with respect to plaintiff's claim for sex discrimination arising from her termination.

3. Retaliation

Defendant argues that plaintiff's claim of retaliation fails for lack of an alleged protected activity. The court agrees.

An employer may not retaliate against an employee "because he has opposed" an unlawful employment practice "or because he has made a charge, testified, assisted, or participated . . . in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000(e)(3)(a). "A plaintiff can prove illegal retaliation . . . if [s]he shows that 1) [s]he engaged in protected activity, 2) [s]he suffered an adverse employment action . . . and 3) the employer took the adverse action because of the protected activity." Bryant v. Aiken Regional Medical Centers, Inc., 333 F.3d 536, 543 (4th Cir. 2003). Protected activity may consist inter alia of complaining to "superiors about suspected violations of Title VII," id. at 543-44, "filing . . . internal discrimination complaints," Thompson v. Potomac Electric Power Co., 312 F.3d 645, 650 (4th Cir. 2002), or filing an EEOC charge or similar complaint with a state agency. See 42 U.S.C. § 2000(e)(3)(a); see also Thomas v. City of Annapolis, Maryland, 821 Fed. Appx. 341, 350 (4th Cir. 2021).

Plaintiff's EEOC charge cannot give rise to a plausible inference of retaliation because it was filed after defendant terminated plaintiff's employment. Compare (compl. ¶ 9) (EEOC charge filed December 9, 2020) with (id. ¶ 25) (plaintiff's employment terminated on October 8, 2020). The complaint does not allege that plaintiff complained to her supervisors, reported suspected discrimination through internal company procedures, or undertook any other protected activity.

Accordingly, plaintiff's retaliation claim must be dismissed where it does not fulfill the first requirement of a claim asserted under 42 U.S.C. § 2000(e)(3)(a).

Plaintiff contends that "her inquiry into her being passed over for a promotion constitutes the types of informal protest[] and informal complaint[] to management contemplated by" 42 U.S.C. § 2000(e)(3)(a). (DE 12 at 7), citing to DeMasters v. Carilion Clinic. 796 F.3d 409 (4th Cir. 2015).[5] DeMasters held that the "touchstone" of whether an employee has engaged in protected activity "is whether the plaintiff's course of conduct as a whole 1) communicates to her employer a belief that the employer has engaged in a form of employment discrimination, and 2) concerns subject matter that is actually unlawful under Title VII or that the employee reasonably believes to be unlawful." Id. at 419. The complaint contains two instances in which plaintiff spoke to her employer: the instance in which plaintiff "asked why she had not received the promotion," (compl. ¶ 18), and her "request[] to work from home one to two days per week." (id. ¶ 19). Without more, it is unreasonable to conclude that these dialogues "communicat[ed] . . . a belief that the employer ha[d] engaged in a form of employment discrimination." DeMasters, 796 F.3d at 419. Accordingly, plaintiff's claim for retaliation in violation of Title VII fails.

In sum, defendant's motion is granted with respect to plaintiff's claim for retaliation.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 10) is GRANTED IN PART and DENIED IN PART as set forth herein. Plaintiff's sex discrimination claim based upon her termination is allowed to proceed. Plaintiff's remaining claims are DISMISSED for failure to state

---

[5] Plaintiff also cites to a number of out-of-circuit cases, which are inapposite under the standards set forth in DeMasters as described above. Furthermore, the cases cited by plaintiff are instructively distinguishable. See, e.g., Moore v. City of Philadelphia, 461 F.3d 331, 337 (3d Cir. 2006) (finding that "plaintiffs made clear that they opposed [a supervisor's] expressions about and conduct towards their African-American colleagues and were concerned that their position was being held against them by" the supervisor).

8

a claim for which relief can be granted, under Rule 12(b)(6). In accordance with Rule 12(a)(4), defendant must serve a responsive pleading to the amended complaint within 14 days of entry of this order.

SO ORDERED, this the 15th day of May, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge